Our third case for argument this morning is Svendsen v. Pritzker. Mr. Gerber. Good morning. May it please the court, counsel. I am Will Gerber. I represent plaintiff appellants in this case. This case arose after the filing of the complaint on subsequent motions dismissed that were filed by the state and the school district herein. This case, initially on the court's order for dismissal, was a relatively limited issue, specifically dealing with claims preclusion. Subsequent to the initial briefs that were filed, significant other issues with alternative grounds for dismissal were placed in the state's briefs that I'm going to touch on. However, that brings up two different bases for review for this court, first relative to the claim splitting analysis dealing with an abuse of discretion, and subsequently relative to all the other issues that the state addressed dealing with de novo review. As indicated in our briefs, your honors. It's not clear who, what defendants go to which claims, and so that might be to go through. In the complaint specifically? Yes. Okay. Relative to the counts, and relative to the complaint, counts three through, actually counts one through seven associated with the complaint actually all apply to the state, counts three through five in relation to RFRA, the HRC. In relation to what? The, sorry, Illinois Religious Freedom. If you would use real words rather than made up initialisms, it would help us understand your argument. Yeah. Title seven base claims apply to the district. Wait, I'm sorry, you said three through five, one through seven apply to the state defendants? Yes. And you said three through five, counts three through five apply to the district, and I believe that's a title seven base claim. Title seven is count one. I apologize. The title seven claim, the Illinois Religious Freedom of Information Act claim applies to the district. Those would be the two ones itemized associated with the claim for the district specifically. So the district is actually count one and count three. Three. Count three is the Illinois Health Care Right of Conscious Act. Okay. Is that the one you're referring to? I don't have the specific complaint right in front of me, Your Honor. I can answer that question in just a second to fully answer that question. I'm actually puzzled about what federal claims there are here. Before you filed this lawsuit, did you have a right to sue letter from the Equal Employment Opportunity Commission? When the complaint was initially filed, Judge, there was not relative to the title seven. Don't you need one before the suit begins? There is corresponding case law on that issue relative to the... The Supreme Court has said that a structure like the one in title seven, you need the authority before the suit begins. You can't sue and get the authority later. So I take it it's just a given you did not have a right to sue letter. And I don't understand the 1983 claim against the governor, for example. States and state officials are not persons for the purpose of 1983. The Supreme Court has held. You just can't do that. It doesn't work. In relation to the 1983 claim, I don't necessarily disagree with Your Honor. It's not a matter of whether you agree or disagree. It's a holding of the Supreme Court of the United States. What's left? So the big aspect associated with the state of Illinois currently, Your Honor, deals with the public acts, specifically Public Act 102. You mean the state statute? Yes, correct. But you already had a lawsuit in state court. So when the state court action was originally filed, that specific public act did not come into effect until substantially later. So when we're dealing with the claim splitting argument that the district court was dealing with, this public act was not even in effect. So as this lawsuit progressed in state court, there were several court rulings associated with this. And subsequently, the state of Illinois modified executive orders month after month and subsequently modified state statutes. It sounds like a reason to amend your complaint in state court rather than lose in state court and then seek disposition in a different court. We're supposed to be following the state law of preclusion. That's the meaning of 28 U.S.C. 1738. So what do you think is your best state decision for the proposition that you can file multiple lawsuits if there's some change in the law or circumstances during the initial lawsuit? So I think as the courts have held, specifically in Schultz— I'm asking for a specific citation, your best authority. So Schultz, there's both case one and two in the exact citation. I don't have for the court. However, with that, amendments to the state court complaints are not mandated throughout the course of litigation. And associated with this specifically, like I indicated, the executive orders 21-22— I'm not asking about executive orders. I'm asking about a general principle about the law of preclusion in Illinois. Associated with the law of preclusion, it's not mandated that state court amendments— Look, look, I don't know whether you were listening to my question. We are supposed to be following Illinois law. I asked you your best Illinois authority for permitting sequential litigation where the law changes during the course of the first state suit. You mentioned Schultz, which is not a case decided by an Illinois court. I'm asking, again, this is your best time to tell me what is your best state case. Judge McReynolds and Curtis, it indicates plaintiffs have no continuing obligation to file— I hate to tell you this, but McReynolds is also not an Illinois state case. What is your best Illinois state case? There is not, to my knowledge, one specifically on site that I can provide the court relative to that issue. These federal cases, though, in which these cases have been— But we are supposed to be following state law. But associated with that issue, relative to the— And you may be aware, though your brief doesn't indicate awareness, the Supreme Court of the United States has held that that principle applies and preclusion applies even when there is exclusive federal jurisdiction over the claim filed in the second suit. That's the holding of Merisi against the American Academy of Orthopedic Surgeons. Your brief seems to assume the opposite, but I can't see how your brief can be reconciled with Merisi. I guess associated with that answer, Your Honor, there's no—I guess associated with the filing of the case, there was no way relative to foresight as to any of the things that were going to occur 10 to 12 months down the road as everything relative to COVID-19 mandates ultimately ensued with this case for the basis of federal claims that would subsequently ensue. If we accept that the amendment occurs after the suit is filed, what is the harm that is alleged in the complaint? So, Public Act 102 that ultimately amended the Healthcare Right of Conscious Act, after these actually briefs were filed, the district court has indicated just recently in Boone v. Illinois Department of Corrections, there's a question as to whether that repealed the law, whether it was a clarification of the law. However, if it was— That was an interlocutory appeal. Yes, correct. We had taken and we sent it back and didn't answer the question as to whether or not legislative intent or was there a change in the law. And so we found if we accept the district court's summary that it was simply a clarification and not a change in the law, then there were no rights that came out of the amendment. And by not attacking the original act, then therefore there was nothing— if we accepted that premise. My question, going back to my question, is though when we look at the complaint, what is the harm that we're alleging that was caused by the amendment? So it made a specific exclusion to COVID-19 specifically, which ultimately violated provisions of the Illinois Religious Freedom Act. Let me try it again. The harm has already occurred and that's requiring the vaccine testing mandate. Months later, the legislators amend and you are attacking the amendment. What is the harm caused to the plaintiffs by the amendment? Then associate with the amendment in seeking relief from the vaccine in and of itself. There's now an exclusion to that act saying relief from COVID-19 and request for the vaccination. You cannot receive a religious exemption under that provision of the act as we believe you could in the past. What? It's fine. I see I had requested five minutes associated with rebuttal if I could reserve the rest of my time. Certainly, Mr. Gerber. Mr. Sheffield. Good morning, Your Honors. Jonathan Sheffield representing State Defendants. I'll argue for up to 12 minutes and my co-counsel for the District Defendants will argue for the remaining three. This court should dismiss this appeal in part as moot and otherwise affirm the judgment. Plaintiff's claims are moot to the extent they still seek injunctive and declaratory relief over a long expired vaccine or test requirement for public school personnel. Otherwise, this court should affirm the judgment for two independent reasons. First, plaintiff's action was properly dismissed by the District Court exercising its discretion. I'm not sure I follow. What does the expiration of the order have to do with appellate jurisdiction? Well, Your Honor, my understanding is that if at any point any part of the plaintiff's claims become moot... We don't dismiss the appeal. We vacate and remand with instructions to dismiss the case. There's a difference between appellate jurisdiction and District Court jurisdiction. Thank you, Your Honor. Well, this court can affirm on the claim splitting ground without then vacating and with those instructions to dismiss the claim as moot. If we do that on the claims spitting, which law applies? Illinois or federal law? Your Honor, my understanding is that this is a matter of the federal court's docket management. And so that would be a federal principle and not... And what do you say about Section 1738? Or the holding of Moreezy, for that matter, where we applied federal law and got our hat handed to us by the Supreme Court. Your Honor, then this court can also affirm under principles of state law for a claim preclusion. As we argued in our motion to dismiss on race judicata grounds, which the District Court denied. You know, I find all of this peculiar. As the American Law Institute frames claim and issue preclusion, race judicata being a term that was abolished in the 1980s. There is no separate document of claim splitting. It's just part of claim preclusion. Is there some reason why we have this unusual language that the parties are using in their briefs that is so different from the restatement of judgments? Your Honor, I apologize. I believe the language is archaic with respect to race judicata. The understanding is that this is the doctrine of claim preclusion. The Supreme Court of Illinois says it has adopted the restatement of judgments on claim preclusion. And so to that point, Your Honor, then this point about claim splitting is a principle within claims preclusion and... Yes, it is. And to that point, Your Honor... It's not a separate doctrine at all. It was absolutely correct for the District Court to just... If it's not a separate doctrine, then did it need a final judgment? Well, we cited points that the state court action was purportedly dismissed with prejudice and the state court had considered the party's arguments on the merits, even though it did include in its order that plaintiff's claims were moot. But the with prejudice dismissal is a final judgment on the merits. As Rogueras v. Oliver, and that is cited at document 18 in the District Court's document, and so we made that point to the District Court. The District Court moved past that in docket number 22, and it's ordered denying our motion to dismiss on claim preclusion grounds, but then went on specifically... But then went on in docket number 23 and granted the motion to dismiss under claim preclusion, claim splitting grounds. And the point is not that there was a final adjudication on the merits in the state court action, but the plaintiffs had the opportunity to bring... I guess because the briefing doesn't cover this. What is the Illinois guidance on this issue of claim splitting that was recognized by the Illinois Supreme Court? Your Honor, right. We rely on federal authorities for that point. So do we agree that that was wrong? I think then this court has clarified that we should be relying on principles of state authority. It's not this court has clarified. There is a federal statute saying that the preclusive effect of a decision rendered by a state court depends on state law. We can either follow that or defy it. And we would certainly ask that you follow it, Your Honor. And I apologize for the party's briefing on the point, relying on the inappropriate authority. As far as principles of state claim preclusion, looking back to our briefing on this, and Your Honor's question about the extent of claim preclusion and claim splitting, we don't have, I think, a case or state law authority that specifically answers your question in that. And so, but of course, Your Honors, we do have a second basis on which this court can, if it's uncomfortable with going forward without the benefit of briefing on that under state law, the court should affirm because the plaintiff's claims failed against state dependents as a matter of law under Section 1983, sovereign immunity pursuant to, connected to the 11th Amendment and Rule 12b-6's pleading standard. And so perhaps it would be beneficial to explain that in my waning time, in case Your Honors have any questions. So as far as Section 1983, this court already mentioned during the appellant's argument that Section 1983 would bar any federal claims, excuse me, the claims under Section 1983 related to the First Amendment, Equal Protection Clause, Due Process Clause. And that also that would bar, excuse me, and the sovereign immunity bars state law claims against the state in federal court. And that is, of course, principles of sovereign immunity, not under Illinois law, but in connection with the federal doctrine of sovereign immunity as understood to be- Looking to the Illinois Supreme Court decision in K. Miller and the factors needed to determine legislative intent, what was the effect of the amendment? I'm sorry, you're asking about the amendment to the Healthcare Right of Conscience Act? Public Act 102-667. And Your Honor, the decision that you referenced, I don't have that. Would you say that again? It's K. Miller. K. Miller. I don't have that in my briefing, but what I do understand, though, is that the Illinois Supreme Court is considering, I guess, pending before it is a petition for leave to appeal from an Illinois appellate court decision in Glass that spoke to the amendment being a clarification of law. But I do think, I just want to point out that Your Honor, in the opening argument, made a point that I think is important here because with respect to these plaintiffs, there is no vaccine requirement. The amendment has no harm for the plaintiffs in this case, at least because they couldn't seek an exemption from something that's no longer existent, a vaccine requirement that doesn't exist anymore. So the amendment to the Healthcare Right of Conscience Act, the state's amendment to the state law, it's hard to understand how that could have any harm to the plaintiffs under federal law. So you would approach it from a standing? I certainly think there's a question on that and we would be ready to brief that if this court is interested in that. But as far as, and again, that is difficult too, Your Honor, because the plaintiffs have raised the Healthcare Right of Conscience Act claim as a reason to vacate the judgment, but they did not raise it, of course, with respect to our argument that the complaint should be dismissed on claim-splitting grounds. And so the fact that we're now discussing that on appeal is because this has not been adequately vetted in the district court. With respect to the reason why the district court dismissed this action, which of course we're not talking about at this point, but we're talking about the actual merits of that claim. So we would not be able to discuss standing? You of course would, Your Honor, because it goes to this court's jurisdiction. And I just am explaining the lack of briefing on that point. But that's your point. I do want to point out that in the opening, the appellant conceded that with respect to the Title VII claim, that is not being brought against the state defendants. And I don't think that was made clear up to this point. So I think that's very important. That the Title VII claim is not against the, if it is not against the state of defendants, then there is no federal claim against the state defendants. Oh, and I thought that counsel had said it's counts one through seven were against the state defendants. Well, if they, after that though, I thought I heard them say specifically the Title VII claim was against the district. But I just, I don't want to put anything into their mouth that they didn't say already, but I just want to, because there are a lot of claims here and it is confusing as to who they might be brought against, help the court with that point if they did intend to not bring that claim against the state. So here we are. So Section 1983, these claims are not cognizable against the state and the 11th Amendment bars the state law claims against the state defendants. And unless your honors have any other questions, we will ask that you, from the judgment, and I yield my time. Thank you, counsel. Mr. Slade. Good morning, your honors. It may please the court. My name is Randall Slade. I represent the Illini Bluffs School District Number 327 and its superintendent, Roger Alvey. While my colleague, Mr. Sheffield, presented arguments which the district, Mr. Alvey, have adopted, accepting 11th arguments that do not apply, I want to take the time to address issues unique to the district defendants, who in this case followed executive orders issued by the governor with respect to the plaintiff appellates. As has been discussed this morning, the plaintiff's Title VII claim, as well as their other claims, could have been brought in the underlying state court lawsuit any time prior to the dismissal of the suit. With the respect to Title VII, plaintiffs have alleged they were originally excluded from work in September of 2021, which would give them the right to bring a Title VII action at that point. Assuming they complied with the exhaustion requirements, which, as I believe, counsel conceded in the initial argument, they have not. I can confirm my client is not aware of any proceedings in the EEOC with relation to any of the plaintiffs in this matter. In this case, the plaintiffs are essentially seeking to hold the district defendants liable for complying with state law. The executive orders at issue were not issued by the district defendants. Rather, they were issued by the state. These are the state's executive orders at issue. Asking the district defendants to defy state law creates an undue burden under Title VII, potentially opening the district defendants to legal action by the state. This is particularly true after we've seen appellate court cases in Illinois State Court, the Glass case, the Allen cases in which executive orders were challenged. Those challenges were rejected. And the statement of those courts was that the vaccinator test requirement was an enforceable workplace safety rule. I just want to address concerns or comments in the reply brief regarding policy. There are several statements in the reply brief that seem to suggest only vaccination was at issue. When in fact, in this case, the reasonable accommodation provided was testing, which allowed the district defendants to comply with the executive order, which carved out testing as an exception to a vaccination requirement without requiring the employees to vaccinate. So to be clear, plaintiffs were not excluded because they refused to vaccinate, but rather because they refused to test. It's clear from the complaint, although in the reply brief, it seems to be less clear, at least to me. Paragraph 12 alleges that the plaintiffs were subjected to various consequences because they did not submit to vaccinations and testing. The executive order clearly permits individuals religious objections to test in lieu of vaccination, which the district defendants were willing to accommodate. The plaintiffs refused as they have alleged in their complaint, in addition to paragraph 12, paragraphs 13, 17, 19, amongst others. I also want to address the claim raised in paragraph five of the plaintiff appellant's reply brief, which cites his state court lawsuit in a joint statement of the district in conjunction with the certified and non-certified unions. In doing so, the plaintiff cites the pleadings from the state court case. In response to that, I point out that in the federal court complaint, there's no reference to a district policy independent of state policy. There's no reference to a joint statement. So either plaintiffs did not believe there was an independent policy or not feel that the independent policy is worth challenging. Regardless, even if it was an independent policy, it'd be the same policy as the state, in which case the requirement would be vaccination or testing. It appears my time's up. I'm happy to answer any questions the panel may have. Otherwise, I appreciate it. Thank you, counsel. Mr. Gerber, anything further? In relation to questions about the sovereign immunity related aspect. Really quickly, I'm sorry, before we go into that, is there a private right of action available under the Food, Drug, and Cosmetic Act? That I do. I don't have an answer to that question, Your Honor. Relative to the sovereign immunity, under Murphy and Smith, questions as to sovereign immunity that we're dealing with state immunity, federal immunity, with relation to the state claims specifically, the state immunity aspects don't attach to state law claims. I don't understand most of this. The Supreme Court held in Pennhurst that federal courts cannot enforce state law against states. I mean, what's left? Will against Michigan Department of State Police says that 1983 can't be used against states because they are not persons. And Pennhurst holds that state law can't be used in federal court against states. What remains? There's Title VII, of course, but you didn't have a right to sue letter. Questioning whether the governor's actions were formally in violation of- It doesn't matter. Under Will, the governor is the state. State personnel are the state for purposes of 1983. And they're not persons. That's the magic word in 1983. Then under Murphy, though, state sovereign immunity attaches- There's no sovereign immunity question. Since federal law has not authorized the litigation, you never get to sovereign immunity. That's the holding of the Supreme Court. against the Georgia Board of Education. And with that, Judge, I would have no further commentary on it. Thank you very much. The case is taken under advisement and the court-